1

2

3

4                           UNITED STATES DISTRICT COURT

                                 DISTRICT OF NEVADA

5    JOE E. HUDSON,                          Case No. 3:23-cv-00080-ART-CSD

6                         Petitioner,                ORDER

         v.

7    STATE OF NEVADA,

8                         Respondents.

9

10       Petitioner Joe E. Hudson proceeding *pro se* has filed a motion for extension

11   of time to file a motion to vacate or correct his sentence. (ECF No. 1-1.) In his

     motion, Hudson explains that his "A.E.D.P.A. deadline has not yet been reached

12   but rapidly approaches" and he "needs . . . additional time to research his recent

13   discovery" before being able to file his federal habeas petition. (*Id.* at 1–2.)

14
         Because Hudson has not submitted a habeas petition, he has not properly
15
     commenced this federal habeas matter. Hudson must file a federal habeas
16
     petition on the Court's 28 U.S.C. § 2254 habeas corpus form and include either
17
     the $5.00 filing fee or a fully completed application to proceed *in forma pauperis*
18
     ("IFP"). Local Rule LSR 1-2. Moreover, absent a properly commenced federal
19
     habeas case, a motion to excuse a potentially untimely petition is premature.[1]
20
         It is therefore ordered that Petitioner's motion for extension of time [ECF
21
     No. 1-1] is denied as premature.
22
         It is further ordered that the Clerk of Court send Petitioner (1) one blank
23
     copy of the IFP application form for inmates along with instructions, (2) one blank
24

25   [1]Notably, a petitioner in a federal habeas action can file a protective petition,
     assuming it complies with the necessary pleading requirements, and then move
26   for leave to file an amended petition after further discovery or research is
     conducted. The Court, however, makes no finding or representation that claims
27   in an amended petition will relate back to the protective petition if the amended
28   petition itself is found to be untimely filed.

                                         1

1    copy of the form petition for a writ of habeas corpus under 28 U.S.C. § 2254 along

2    with instructions, and (3) two copies of this order.

3        It is further ordered that Petitioner must file a completed IFP application

4    on the Court's form on or before May 1, 2023, and must include: (1) a financial

5    certificate signed by Petitioner and an authorized prison official; (2) Petitioner's

6    financial acknowledgement and declaration; and (3) a copy of his inmate account

7    statement for the six-month period prior to filing. Alternatively, Petitioner must

8    pay the $5 filing fee on or before May 1, 2023. If Petitioner decides to pay the

9    filing fee from his inmate account, he must arrange to have a copy of this order

10   attached to the check for the filing fee.

11       It is further ordered that Petitioner must file a federal habeas corpus

12   petition on the Court's form on or before May 1, 2023,[2] by placing the case

13   number, 3:23-cv-00080-ART-CSD, in the designated space.

14       It is further ordered that Petitioner's failure to comply with this Order will

15   result in the dismissal of this action without prejudice and without further

16   advance notice.

17       DATED THIS 24th day of March 2023.

18

19

20   _____

21   ANNE R. TRAUM
     UNITED STATES DISTRICT JUDGE

22

23

24

25

26

27   [2]Petitioner remains responsible at all times for calculating the applicable statute
     of limitations. By ordering Petitioner to file a petition by May 1, 2023, the Court
28   makes no finding or representation that the petition will be considered timely.

2