UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOE E. HUDSON,<br><br>        Petitioner,<br>    v.<br><br>NETHANJAH BREITENBACH,<br><br>        Respondents. | Case No. 3:23-cv-00080-ART-CSD<br><br>ORDER |

*Pro se* Petitioner Joe E. Hudson has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (ECF No. 5 ("Petition").) This matter comes before the court for initial review under the Rules Governing Section 2254 Cases ("Habeas Rules"). For the reasons discussed below, the court directs service of the Petition and sua sponte raises the issue of counsel.

**I.    BACKGROUND**[1]

Hudson challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County ("state court"). *State of Nevada v. Joe Hudson*, Case No. C-14-302774-1. The state court entered a judgment of conviction on August 3, 2015, pursuant to a jury trial, for battery with the use of a deadly weapon constituting domestic violence, battery with the use of a deadly weapon, and battery constituting domestic violence (strangulation). Hudson appealed, and on January 23, 2017, the Nevada Court of Appeals reversed and remanded based on Hudson's invalid waiver of his constitutional right to counsel. *Joe Edward Hudson v. The State of Nevada*, No. 68574. Hudson was retried, and a jury found Hudson guilty of battery with the use of a deadly weapon. A first amended judgment of conviction, second amended judgment of conviction, third amended judgment of conviction, and fourth amended judgment of conviction

---

[1] The court takes judicial notice of the online docket records of the Eighth Judicial District Court and Nevada appellate courts. These docket records may be accessed at https://www.clarkcountycourts.us/Anonymous/default.aspx and http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

1

1  were entered on February 14, 2020, March 25, 2020, April 24, 2020, and April
2  28, 2020, respectively, adjudicating Hudson under the large habitual criminal
3  statute and sentencing him to life in prison without the possibility of parole.
4  Hudson appealed, and the Nevada Court of Appeals affirmed on February 17,
5  2021. *Joe Edward Hudson v. The State of Nevada*, No. 80784-COA.

6  Hudson filed a state petition for writ of habeas corpus on February 9, 2022.
7  *Joe Hudson v. Perry Russell*, A-22-848010-W. On May 20, 2022, the state court
8  denied the petition. Hudson appealed, and the Nevada Court of Appeals affirmed
9  on February 14, 2023. *Joe Edward Hudson v. The State of Nevada*, No. 84810-
10 COA.

11 Hudson initiated this action by filing a motion for extension of time to file
12 a motion to vacate or correct his sentence. (ECF No. 1.) On March 24, 2023, the
13 court instructed Hudson to file an *in forma pauperis* ("IFP") application or pay the
14 filing fee and file a habeas corpus petition. (ECF No. 3.) Hudson filed an IFP
15 application and his Petition on May 2, 2023. (ECF Nos. 4, 5.)

16 **II.    DISCUSSION**

17 Habeas Rule 4 requires this court to examine the Petition and order a
18 response unless it "plainly appears" that the Petition is not entitled to relief. *See*
19 *Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts
20 to screen and dismiss petitions that are patently frivolous, vague, conclusory,
21 palpably incredible, false, or plagued by procedural defects. *Boyd v. Thompson*,
22 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491
23 (9th Cir. 1990) (collecting cases). A response is warranted in the instant case.[2]

24 Further, it appears that counsel may be helpful in this case. The Criminal
25 Justice Act authorizes the court to appoint counsel "when the interests of justice
26 so require." 18 U.S.C. § 3006A(a)(2). Although this court finds that the

---

[2] The Court notes—but does not decide—that it appears that Hudson's AEDPA limitation period expires on or about June 22, 2023.

1 appointment of counsel is in the interests of justice given the complexities of this
2 case and Hudson's sentence to life without the possibility of parole, this court is
3 cognizant of the fact that Hudson has not moved for the appointment of counsel.
4 As such, this court gives Hudson 30 days to file a motion for the appointment of
5 counsel. If Hudson does not file a motion for the appointment of counsel within
6 30 days, the court will not appoint counsel and will issue a scheduling order on
7 the Petition.

### III.  CONCLUSION

It is therefore ordered that the application to proceed *in forma pauperis* (ECF No. 4) is granted.

It is further ordered that the clerk (1) add Aaron Ford, Attorney General of the State of Nevada, as counsel for respondents, (2) electronically serve respondents' counsel a copy of the Petition (ECF No. 5), and (3) electronically provide respondents' counsel a copy of this order and copies of all other items previously filed in this case by regenerating the Notices of Electronic Filing. Respondents' counsel must enter a notice of appearance within 21 days of entry of this order, but no further response will be required until further order.

It is further ordered that Hudson file a motion for the appointment of counsel within 30 days if he desires that counsel be appointed to represent him. If Hudson does not file a motion for the appointment of counsel within 30 days, the court will not appoint counsel for Hudson and will issue a scheduling order on the Petition.

DATED THIS 4th day of May 2023.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE