UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JOE E. HUDSON,

    Petitioner,

v.

NETHANJAH BREITENBACH,

    Respondents.

Case No. 3:23-cv-00080-ART-CSD

ORDER

*Pro se* Petitioner Joe E. Hudson has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (ECF No. 5 ("Petition").) On May 4, 2023, the Court conducted an initial review of the Petition, directed service of the Petition, and *sua sponte* raised the issue of counsel. (ECF No. 6.) The Court gave Hudson 30 days to file a motion for the appointment of counsel if he desired that counsel be appointed. (*Id.*) Hudson timely complied, filing his motion to appoint counsel on May 18, 2023. (ECF No. 7.)

There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007)). An indigent petitioner may request appointed counsel to pursue that relief. 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is generally discretionary. *Id.* (authorizing appointed counsel when "the interests of justice so require"). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980).

Following review of the Petition and the motion for appointment of counsel, the Court will provisionally appoint the Federal Public Defender to represent Hudson because the Court finds that appointment of counsel is in the interests

of justice given, among other things, the complexities of this case and Hudson's sentence to life without the possibility of parole.

It is therefore ordered that Petitioner Joe Hudson's motion for appointment of counsel (ECF No. 7) is granted. The clerk shall electronically serve the Federal Public Defender a copy of this order, the screening order (ECF No. 6), and the Petition (ECF No. 5). The Federal Public Defender is provisionally appointed as counsel and will have 30 days to (1) undertake direct representation of Hudson by filing a notice of appearance or (2) indicate the office's inability to represent Hudson in these proceedings. If the Federal Public Defender is unable to represent Hudson, the Court will appoint alternate counsel. Appointed counsel will represent Hudson in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw. A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance.

It is further ordered that any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Hudson remains responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, the court makes no finding or representation that the Petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

It is further ordered that the clerk is directed to send a copy of this order to Hudson and the CJA Coordinator for this division.

DATED THIS 23rd day of May 2023.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE