1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JOE HUDSON,

                                    Petitioner,

        v.

NETHANJAH BREITENBACH, et al.,

                                    Respondents.

Case No. 3:23-cv-00080-ART-CSD

ORDER

This counseled habeas petition comes before the Court on Petitioner Joe Hudson's unopposed motion for stay and abeyance. (ECF No. 13.)

Hudson filed his federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on May 2, 2023. (ECF No. 5.) On May 23, 2023, the Court provisionally appointed the Federal Public Defender to represent Hudson. (ECF No. 8.) Counsel was officially appointed on June 23, 2023, and filed a first amended petition for writ of habeas corpus on August 21, 2023. (ECF Nos. 11, 12.) Hudson now seeks a stay and abeyance because (1) grounds 3 and 4 of his first amended petition are unexhausted and (2) he intends to initiate proceedings in State court to exhaust those grounds as soon as he obtains some missing state court records. (ECF No. 13 at 2.)

In *Rhines v. Weber*, the Supreme Court placed limitations upon the discretion of the court to facilitate habeas petitioners' return to state court to exhaust claims. 544 U.S. 269 (2005). The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the

1

failure of the applicant to exhaust the remedies available in the courts of the State").

544 U.S. at 277. The Court went on to state that "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

The Ninth Circuit has held that the application of an "extraordinary circumstances" standard does not comport with the "good cause" standard prescribed by *Rhines*. *Jackson v. Roe*, 425 F.3d 654, 661–62 (9th Cir. 2005). This Court has declined to prescribe the strictest possible standard for issuance of a stay. *See, e.g., Riner v. Crawford*, 415 F. Supp.2d 1207, 1210 (D. Nev. 2006) ("[I]t would appear that good cause under *Rhines*, at least in this Circuit, should not be so strict a standard as to require a showing of some extreme and unusual event beyond the control of the defendant.").

Hudson argues that good cause exists because the unexhausted grounds challenge the legality of his habitual criminal adjudication. (ECF No. 13 at 3.) Specifically, Hudson argues that the state court considered inadmissible and improper evidence pertaining to his criminal history, which the state court sought and obtained on its own and which was not made available to defense counsel. (*Id.*) Hudson explains that he is now attempting to obtain information pertaining to that criminal history, which date back to 1976, so that he can properly challenge the state court's findings. The Court finds that this constitutes good cause for the failure to exhaust. The Court further finds that the unexhausted grounds are not "plainly meritless," and that Hudson has not engaged in intentionally dilatory litigation tactics. Accordingly, Hudson's unopposed request for a stay and abeyance will be granted.

It is therefore ordered that Petitioner Joe Hudson's unopposed motion for stay and abeyance (ECF No. 13) is granted. This action is stayed pending

1   exhaustion of the unexhausted claims in the first amended petition. The grant of

2   this stay is conditioned upon Hudson litigating his state postconviction petition

3   or other appropriate proceeding in state court and returning to federal court with

4   a motion to reopen within 45 days of issuance of the remittitur by the Nevada

5   Supreme Court at the conclusion of the state court proceedings.

6       It is further ordered that Respondents' deadline to file their response to the

7   first amended petition is vacated. The time for Respondents to answer or

8   otherwise respond to the first amended petition will be reset after the stay is

9   lifted.

10      It is further ordered that the clerk shall administratively close this action,

11  until such time as the court grants a motion to reopen the matter.

12      DATED THIS 29th day of September 2023.

13

14

15  _____
    ANNE R. TRAUM
16  UNITED STATES DISTRICT JUDGE

17

18

19

20

21

22

23

24

25

26

27

28